OLIVER C. TIFFANY ET AL. v. CASSIUS L. GLASGOW.

*Payment—Acceptance.*

Defendant sold goods for plaintiffs on commission, and was to remit to them upon such sales cash or notes, which notes plaintiffs claimed were to be indorsed by defendant, which he denied. Defendant sent a statement of account to plaintiffs, with certain *unindorsed* notes, accompanied with a draft for the balance due plaintiffs if they accepted the notes, which they refused to do, and returned them to defendant for his indorsement, who refused such indorsement, and sent the notes back to plaintiffs; whereupon one of the plaintiffs went to defendant's place of residence, and left the notes at his place of business. Defendant refused to receive them, and returned the notes to plaintiffs by mail, and notified them that, if they were again sent to him by mail or express, he would not take them from the office; whereupon plaintiffs handed the notes to an attorney for collection, and a portion of them were paid. The unpaid notes were not taken upon the sale of plaintiffs' goods, and they had not agreed to accept any *such* notes. And it is held:

　*a*—That the acceptance of the draft and of the money paid on the notes did not bind the plaintiffs to accept the other notes, and that after defendant's refusal to indorse the notes, or take them back, the plaintiffs were at liberty to collect such of them as they could, and apply the proceeds on their account against the defendant.

　*b*—That plaintiffs made all reasonable efforts to deliver the

notes to the defendant, who prevented them from so doing, and that it ill becomes him to interpose as a defense the non-tender of the notes to him in the courts below, and that such omission can be easily righted by such a tender on the next trial.

Error to Hillsdale.    (Lane, J.)    Argued July 2, 1890. Decided August 1, 1890.

*Assumpsit.*  Plaintiffs bring error.    Reversed.    The facts are stated in the opinion.

*Charles M. Weaver (Stuart, Knappen & Weaver,* of counsel), for appellants, contended:

1. Under the circumstances shown in this case, receiving payment on part of the notes did not, in law, amount to an acceptance of the notes; citing *Mortlock v. Williams,* 76 Mich. 568; *Iron Works v. Hall,* 64 Id. 165.
2. Notes of third persons sent in payment of an antecedent indebtedness will not extinguish the debt unless so agreed; citing *Smith's Appeal,* 52 Mich. 415; *Geib v. Reynolds,* 35 Minn. 331; *Iron Works v. Hall,* 64 Mich. 165.

*A. St. John,* for defendant, contended: .

1. *Gardner v. Gorham,* 1 Doug. 507, is often cited as holding that notes received for goods sold are not payment unless it is so expressly agreed. But the opinion, as a whole, does not bear out that construction, and subsequent decisions, beginning with *Hotchin v. Secor,* 8 Mich. 494, seem to establish the true doctrine, namely, that the understanding and assent of the parties that the notes were received as such payment may be shown by their subsequent acts and conduct; citing *Iron Works v. Hall,* 64 Mich. 163.
2. One who has an option whether he will affirm a particular act or contract must elect either to affirm or disaffirm it altogether; citing *Bailey v. Hervey,* 135 Mass. 172; *Moller v. Tuska,* 87 N. Y. 166; *Rowley v. Towsley,* 53 Mich. 329; and a party who has once made his election is bound to abide by his determination, unless he can restore the property to its original situation; citing Herman, Estop. § 474.
3. The relation of principal and agent existed between the parties; in fact, the defendant was the factor of the plaintiffs, selling their property on commission; and, if a principal procures and

has the benefit of advances from his factor, he is estopped from objecting to such advances as not complying with the agreement, no matter in what form they are made; citing Herman, Estop. § 479; *Bradley v. Richardson*, 23 Vt. 720.

4. The defendant had a legal right to assume from plaintiffs' silence for a year and a half, and their appropriation of several of the notes, that they had decided to accept them under the conditions with which they were sent, and to cancel his account; citing *Manfg. Co. v. Buxton*, 36 Minn. 203.

5. If plaintiffs received the notes as collateral security, they should have made some effort to collect the remainder of the notes, or should at least have shown the insolvency of the makers, of which there is no evidence, and should have returned the uncollected notes to the defendant, and sued for goods sold and delivered; citing *Gardner v. Gorham*, 1 Doug. 507; *Railway Co. v. Mellen*, 44 Mich. 321.

MORSE, J. This action was originally commenced in justice's court, where plaintiffs had judgment. Upon appeal to the circuit court for the county of Hillsdale, the circuit judge directed a verdict for the defendant, and judgment followed.

The court erred in not submitting the case to the jury. The plaintiffs declared verbally in the justice's court—

"On all the common counts in *assumpsit*, for goods sold and delivered, work and labor done, money loaned, account stated, and claimed damages, $300."

The plea was the general issue, with notice of set-off.

Glasgow was employed by plaintiffs, who were doing business at Jonesville as dealers in hardware and manufacturers of carriages. Glasgow was doing business at Nashville, Barry county. An agreement was made in January, 1884, between the parties, by which the defendant was to sell the plaintiffs' goods on commission at the prices fixed by them, and to remit to them upon such sales cash or notes. The only dispute as to the terms of this contract is that plaintiffs claim the notes to be sent them were to be indorsed by the defendant, which he denies.

June 28, 1886, defendant sent statement of account to plaintiffs at their request. With this statement he inclosed certain notes of third parties, and a draft for $5.60, which, if the notes had been accepted by plaintiff, would have balanced the account. But plaintiffs refused to accept the notes unless defendant would indorse them, and returned the notes by mail, requesting defendant so to indorse them. Defendant sent the notes back, refusing to do so. Plaintiffs again returned them to defendant, who at once sent them back without indorsement. Considerable correspondence passed between the parties, plaintiffs insisting that they would not accept them without defendant's indorsement, and defendant refusing to indorse them. One of the plaintiffs went to Nashville, finally, and left them at Glasgow's place of business, delivering them to Glasgow, who refused to receive them, and subsequently mailed them to plaintiffs. There were six notes in all. Being notified by Glasgow that, if they were mailed or expressed to him, he would not take them out of the office, the plaintiffs handed the notes over to an attorney. Three of them were subsequently paid, and the other three, amounting to $264, without interest, have not been paid or collected.

These unpaid notes were not any of them taken upon the sale of the plaintiffs' goods, and the record fails to show any agreement that plaintiffs were to accept any notes of this kind. It is claimed, however, that by the acceptance of the draft, and the money realized upon the three notes that were paid, the plaintiffs were bound to accept the other notes. This is not so. It is conceded that, at the time the notes and drafts were sent, defendant was owing plaintiffs the amount of such notes and draft. In the absence of any agreement that plaintiffs should accept all the notes defendant might send, they were at liberty to accept some and refuse the others.

They could also accept the draft, and refuse to take any of the notes in payment, which, in fact, is what they did do. And after the defendant had refused to indorse the notes or to take them back, after they were returned to him three or four times, as the record shows, the plaintiffs were then at liberty to collect what notes they could, and apply the proceeds on their account, without being obliged to accept all of them,—the bad notes as well as the good ones. It would seem from the record before us that a verdict should have been directed in favor of the plaintiffs for the amount of the three unpaid notes and interest, as that amount would represent the balance due them from defendant on account.

It is claimed that there were circumstances shown tending to prove that after the notes were mailed the last time by Glasgow to plaintiffs they accepted all the notes,—to wit, the collecting of some of the notes, and the waiting of a year and a half before beginning suit for balance of account, without any notice to the defendant, leading him to suppose that the matter was settled, and the keeping of the notes, and leaving them with an attorney. If these circumstances, or any others, had the tendency claimed, it was a question of fact, and should have been submitted to the jury.

It is also urged in favor of the judgment for defendant that the plaintiffs have the notes, and did not offer to return them, or tender them back in either court. The proof shows that the plaintiffs mailed these notes to defendant at least twice, and one of them once journeyed to Nashville for the express purpose of delivering them to him, and there left them with him; but he mailed them back to plaintiffs. They made all reasonable effort to hand the notes back to Glasgow, but were prevented by him from doing so. It ill becomes him now to make this defense, and the matter of which he complains can

be easily righted by a tender to him of these notes on the next trial.

The judgment must be reversed, and a new trial granted, with costs of this Court.

The other Justices concurred.